"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS F. PADILLA, | Case No. CV 05-5786 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION, | |
| Defendant. | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is granted, and the Commissioner's request for an order affirming her final decision is denied.

The relevant background facts are familiar to both parties and Plaintiff has

1   stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and
2   accurately summarizes the hearing testimony and medical evidence in the record except
3   as noted in his contentions.

4       Plaintiff asserts that the ALJ erred by: (1) failing to properly evaluate his mental
5   impairment; (2) failing to properly assess his residual functional capacity; and (3)
6   mechanically applying the Grids.  The Commissioner disagrees.

7       Plaintiff's argument that the ALJ failed to adequately evaluate his mental
8   impairment is persuasive.  In October 2003, state agency physician, Lydia Mallare, M.D.
9   completed a Psychiatric Review Technique Form ("PRTF") and evaluated Plaintiff under
10  the criteria for Affective Disorders (12.04), Anxiety-Related Disorders (12.06), and
11  Personality Disorders (12.08).  [Administrative Record  ("AR") at 96-109.]  While Dr.
12  Mallare found that Plaintiff suffers from the medically determinable impairments of
13  depressive disorder NOS, anxiety disorder NOS, and personality disorder NOS, she
14  concluded that Plaintiff's impairments did not satisfy the criteria of a Listed Impairment.
15  20 C.F.R. Part 404, Subpt.P, App. 1 §§ 12.04, 12.06, 12.08; [AR at 99, 101, 103.]

16      However, Dr. Mallare did assess Plaintiff with several work-related limitations.
17  In a Mental Residual Functional Capacity Assessment ("MRFCA"), Dr. Mallare reported
18  that Plaintiff was "moderately limited" in his ability to:  understand and remember
19  detailed instructions; maintain attention and concentration for extended periods; perform
20  at a consistent pace without an unreasonable number and length of rest periods; complete
21  a normal workday and workweek without interruptions from psychologically based
22  symptoms; and interact appropriately with the public.  [AR at 111.]  Dr. Mallare
23  concluded that Plaintiff had adequate memory and concentration to perform simple,
24  repetitive tasks, involving minimal public contact.  [AR at 112.]

25      With respect to Plaintiff's mental impairments, the ALJ found that Plaintiff was
26  limited to work requiring no more than moderate social functioning, concentration or
27  pace.  [AR at 19.]  The ALJ stated that these limitations were consistent with Dr.
28  Mallare's opinion in the PRTF.  [AR at 19, 99-109.]  However, the ALJ's assessment did

not incorporate all of Dr. Mallare's findings in the MRFCA.  In particular, the ALJ failed to address Dr. Mallare's finding that Plaintiff was "moderately limited" in the ability to perform at a consistent pace without an unreasonable number and length of rest periods and complete a normal workday and workweek without interruptions from psychologically based symptoms.  [AR at 19, 111.]  Because the ALJ did not give controlling weight to the opinion of a treating physician or psychologist, the ALJ erred by failing to articulate a reason for rejecting Dr. Mallare's opinion. [AR at 19]; 20 C.F.R. § 416.927(f)(2)(ii)("[u]nless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant"); *see Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)(an ALJ must explain why significant, probative evidence was rejected); *see also* Social Security Ruling ("SSR") 96-6p (explaining that the ALJ "must consider and evaluate any assessment of the [claimant's] RFC by a state agency medical or psychological consultant"); *see also* SSR 96-8p ("The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

The Commissioner asserts that the ALJ properly assessed Plaintiff's mental limitations because the vocational expert testified that a person with "moderate" restrictions in the ability to perform at a consistent pace without an unreasonable number and length of rest periods and complete a normal workday or workweek would still be able to perform work that exists in significant numbers in the economy.  [AR at 266-67.] The vocational expert defined the term "moderate" to mean "being able to function satisfactorily as in the RFC Form."  [AR at 267.]  However, neither the MRFCA nor any other document in the record contains a definition of the term "moderate."  The MRFCA simply lists five measures of severity, the median being "moderately limited," which falls between "not significantly limited" and "markedly limited."  [AR at 110.]  Given these parameters, it is unclear whether Dr. Mallare meant "function satisfactorily" when he

checked the boxes for "moderately limited." [AR at 110-11.] Although the ALJ was qualified to resolve this dispute in the medical evidence, she did not. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)("the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities"); *Young v. Heckler*, 803 F.2d 963, 967-68 (9th Cir. 1986)("In the absence of any conclusive medical evidence on the issue, it is the function of the Secretary to resolve questions of resolutions of conflicts in the evidence."). Therefore, the ALJ's assessment of Plaintiff's mental impairment and reliance on vocational expert testimony was not supported by substantial evidence.[1]

## II. CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:     June 30, 2006          /s/ Arthur Nakazato
                                  ARTHUR NAKAZATO
                                  UNITED STATES MAGISTRATE JUDGE

---

[1]     Because the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that the Commissioner consider all of Plaintiff's arguments when determining the merits of his case on remand.